IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIE F. GALLEGOS,

    Plaintiff,

vs.                                             Civ. No. 01-322 JP/LFG-ACE
                                            Consolidated with
                                            Civ. No. 01-1253 JP/WWD-ACE

STATE OF NEW MEXICO;
JACQUELINE TORREZ, individually;
and MICHAEL BLEA, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 29, 2001, the Defendants State of New Mexico, Jacqueline Torrez, and Michael Blea (Defendants) filed Defendants' Motion for Summary Judgment (Doc. No. 29). Having reviewed the briefs and the relevant law, I find that the Defendants' Motion for Summary Judgment should be granted.

A.  Background

The Defendants' Motion for Summary Judgment is directed at the Plaintiff's First Amended Complaint for Employment Discrimination, Retaliation, Wrongful Termination of Employment, and for Deprivation of Civil Rights Under Color of State Law (Doc. No. 23), filed August 8, 2001 in Civ. No. 01-322 JP/LFG. That employment case has since been consolidated with Civ. No. 01-1253 JP/WWD, a civil rights case brought against Defendants Gary Johnson, T. Glenn Ellington, Gorden Eden, Michael Blea, and Jacqueline Torrez. This motion for summary judgment does not address the claims brought in Civ. No. 01-1253 JP/WWD.

The Plaintiff worked for several years as a clerk specialist at the Santa Fe Field Office of the New Mexico Motor Vehicle Division (MVD). Defendant Torrez was the Plaintiff's immediate supervisor and Defendant Blea was an investigator working for the New Mexico Department of Taxation and Revenue's Office of Inspector General. The Plaintiff apparently had problems working for Defendant Torrez. For example, the Plaintiff was reprimanded on several occasions and suspended from work without pay for a three day period. The Plaintiff was subsequently discharged from his employment with the MVD after Defendant Blea conducted an investigation which concluded that the Plaintiff had issued a fraudulent driver's license to Hugo Adan Sustaita Zamora, a Mexican National.

The first amended complaint in Civ. No. 01-322 JP/LFG raises allegations of violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983. Count I alleges retaliation by Defendant Torrez and other responsible management officials in response to the Plaintiff filing complaints of discrimination. Count II alleges sex discrimination by Defendant Torrez and other responsible management officials. Count III alleges wrongful discharge by Defendant Torrez, Defendant Blea, and other responsible management officials based on retaliation against the Plaintiff for his previous filings of complaints of discrimination. Count IV alleges wrongful discharge by Defendant Torrez, Defendant Blea, and other responsible management officials based on gender discrimination. Count V alleges that Defendants Torrez and Blea violated the Plaintiff's §1983 rights by wrongfully and falsely accusing the Plaintiff of illegally selling a license, and thereby causing the Plaintiff to be wrongfully discharged.

B. Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C. Discussion

The Defendants argue that they are entitled to summary judgment on the Plaintiff's §1983 and Title VII claims for two reasons. First, the Defendants argue that Defendants Torrez and Blea are entitled to qualified immunity with respect to the §1983 claims. Second, the Defendants argue that there is no evidence of discrimination or retaliation to support the Plaintiff's Title VII claims.

1. The §1983 Claims: Qualified Immunity

Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)(internal quotation marks omitted)). Once a defendant asserts qualified immunity, the plaintiff has a heavy burden to satisfy a two part inquiry. *Id*. at 1185-86. First, the plaintiff must demonstrate that the defendant violated a constitutional right. *Id*. at 1185. If in considering the facts in the light most favorable to the plaintiff, the plaintiff successfully shows that the alleged facts constitute a violation of a constitutional right, the plaintiff must second demonstrate that the constitutional right was clearly established at the time the defendant engaged in the alleged unlawful conduct. *Id*. at 1186. In addressing the second part of the qualified immunity inquiry, the court determines "'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id*. (quoting *Saucier v. Katz*, 533 U.S. 194, ___ , 121 S.Ct. 2151, 2156 (2001)). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Id*. If the plaintiff succeeds in satisfying the two part inquiry, the burden shifts to the defendant to prove "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Id*. (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(internal quotation marks omitted)).

a. Defendant Torrez

Count V of the first amended complaint alleges that Defendants Torrez and Blea wrongfully accused the Plaintiff of issuing a fraudulent license, resulting in the Plaintiff's wrongful termination. Defendant Torrez states in her affidavit that she became suspicious in 2000 that the

Plaintiff was illegally selling licenses when customers asked for the Plaintiff by name and the Plaintiff allowed certain customers to go ahead of the line so he could assist them. Affidavit of Jacqueline Torrez (Doc. No. 34) at ¶6, filed Nov. 29, 2001. As a result of these suspicions, Defendant Torrez asked the MVD's Office of Inspector General to investigate the Plaintiff for selling illegal licenses. *Id*. at ¶7. According to Defendant Torrez, the resulting investigative report by Defendant Blea was submitted directly to Gordon Eden, the Director of MVD, and it was his decision to terminate the Plaintiff, not her's. *Id*. at ¶9.

Defendant Blea states in his affidavit that the Plaintiff acknowledged waiting on Mr. Zamora. Affidavit of Michael Blea (Doc. No. 31) at ¶3, filed Nov. 29, 2001. Defendant Blea also video taped interviews with Mr. Zamora and Jorge Diaz, the man who sent Mr. Zamora to the Plaintiff for the license. *Id*. at ¶4. Both Mr. Zamora and Mr. Diaz identified the Plaintiff as the person at the MVD office who issued the illegal license to Mr. Zamora. Exhibit B (attached to Defendant Blea's Affidavit). Mr. Zamora and Mr. Diaz also wrote notarized statements implicating the Plaintiff in the sale of the illegal license. Exhibits A and C (attached to Defendant Blea's Affidavit). Defendant Blea further noted in his investigative report that Mr. Zamora's license application contained false information like a social security number made up of only zeros. Exhibit A (attached to Defendant Blea's Affidavit). Moreover, Mr. Zamora's license application had the Plaintiff's initials on it. *Id*.

As grounds for his §1983 claim against Defendants Torrez and Blea, the Plaintiff states the following in his affidavit: 1) Defendant Blea mislead him into identifying the fraudulent license application as one he prepared; 2) he had not met Mr. Zamora; 3) he would not have entered a social security number made up of zeros as occurred with the fraudulent license application; 4)

5

another clerk specialist could have used his initials to log onto his computer terminal to issue a fraudulent license application reflecting his initials; 5) it was common practice to let some customers ask for a specific clerk specialist when the customer had already stood in line once but needed to bring documentation back; and 6) other clerk specialists would refer customers to the Plaintiff because of his ability to speak Spanish. Affidavit of Plaintiff Louie Gallegos in Response to Defendants' Motion for Summary Judgment at ¶¶s 14-24 (attached to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. No. 36), filed Jan. 24, 2002).

Although the Plaintiff does not state in Count V of his first amended complaint what constitutional right Defendant Torrez allegedly violated, the Plaintiff now apparently alleges that Defendant Torrez violated his right to due process. Plaintiff's Response at 21. The Plaintiff, however, does not indicate if he is alleging a violation of substantive or procedural due process rights. The Plaintiff also does not establish that under New Mexico law he has a property right in his continued employment. *See Calhoun v. Gaines*, 982 F.2d 1470, 1473-74 (10th Cir. 1992). Moreover, the Plaintiff fails to allege in his first amended complaint exactly what conduct by Defendant Torrez violated the Plaintiff's right to due process. Defendant Torrez states in her affidavit that when she became suspicious that the Plaintiff was selling driver's licenses she asked the MVD's Office of Inspector General to investigate the matter. The Plaintiff argues that Defendant Torrez' suspicions were based on actions which could have been interpreted as innocent in nature. For example, customers could have avoided the line to see the Plaintiff because they had already dealt with him or because he could speak Spanish. The Plaintiff, however, does not demonstrate how Defendant Torrez violated any constitutional right by asking for an investigation when she believed that the allegedly innocent actions could also be construed

6

collectively as signs of illegal activity occurring in her office. Viewing the evidence in the light most favorable to the Plaintiff, I find that the Plaintiff has failed to carry his heavy burden of demonstrating that Defendant Torrez violated Plaintiff's constitutional rights when she asked for an investigation of the Plaintiff for illegally issuing licenses. Since the Plaintiff failed to adequately address the first part of the qualified immunity inquiry, I conclude that Defendant Torrez is entitled to qualified immunity on this §1983 claim.

      b. Defendant Blea

As with Defendant Torrez, the Plaintiff fails to specify in Count V exactly what constitutional right Defendant Blea violated when his investigation concluded that the Plaintiff illegally issued a license to Mr. Zamora. The Plaintiff apparently is arguing now that Defendant Blea violated his due process rights. Again, the Plaintiff does not specify whether Defendant Blea violated his procedural or substantive due process rights. As already mentioned, the Plaintiff has failed to establish that he has a property interest in his continued employment. Furthermore, except for a self-serving statement to Defendant Blea that he had not met Mr. Zamora, the Plaintiff fails to produce specific evidence attacking the credibility of the video taped interviews of Mr. Zamora and Mr. Diaz, and their notarized statements. Notwithstanding the Plaintiff's allegations that someone else could have completed Mr. Zamora's fraudulent application for a license, the video taped interviews and notarized statements of Mr. Zamora and Mr. Diaz alone provide persuasive evidence of the Plaintiff's illegal conduct. Moreover, other innocent actions including taking customers out of turn and taking Spanish speaking customers could reasonably be construed as indicative of illegal activity when one considers the video taped interviews of Mr. Zamora and Mr. Diaz and their notarized statements. I find that even considering the evidence in

7

the light most favorable to the Plaintiff, the Plaintiff has not carried his heavy burden of demonstrating that Defendant Blea violated a constitutional right by investigating and concluding that the Plaintiff issued a fraudulent license. Defendant Blea is, therefore, entitled to qualified immunity with respect to Count V of the first amended complaint.

    2. The Title VII Claims: Retaliation and Gender Discrimination

The Defendants also argue that there is insufficient evidence to support the Plaintiff's retaliation and gender discrimination claims under Title VII. In retaliation and gender discrimination cases brought under Title VII, the plaintiff has the initial burden of establishing by a preponderance of the evidence a *prima facie* case of retaliation and gender discrimination. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). To establish a *prima facie* case of retaliation, the plaintiff must show that 1) he or she engaged in protected activity be opposing Title VII discrimination; 2) he or she suffered an adverse employment action contemporaneous with or subsequent to the opposition to Title VII discrimination; and 3) there is a causal connection between the protected activity and the adverse employment action. *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1381 (10th Cir. 1994). To establish a *prima facie* case of gender discrimination in a wrongful discharge case[1], the plaintiff must show that 1) he or she belongs to a protected class; 2) he or she was qualified for the job; 3) that despite his or her qualifications he or she was discharged; and 4) that after the discharge the job remained available.

---

[1]The Plaintiff fails to specify what actions he believes are adverse employment actions for purposes of his retaliation and gender discrimination claims under Counts I and II. I assume that the Plaintiff wishes the Court to consider only his termination, because Plaintiff states in his response brief that the underlying facts are nearly identical for both his §1983 and gender discrimination claims. Plaintiff's Response at 4. As noted, *supra*, the §1983 claims are based on the accusations by Defendants Torrez and Blea that the Plaintiff issued an illegal license and the ensuing termination of the Plaintiff.

8

*Lowe v. Angelo's Italian Foods*, 87 F.3d 1170, 1174-75 (10th Cir. 1996). Once the plaintiff establishes *prima facie* cases of retaliation and gender discrimination, the burden shifts to the defendant to articulate a nondiscriminatory reason for its actions against the plaintiff. *Selenke v. Medical Imaging of Colorado*, 248 F.3d 1249, 1264 (10th Cir. 2001)(retaliation case); *Cole,* 43 F.3d at 1379. If the defendant succeeds in articulating a nondiscriminatory reason for its actions, the burden shifts to the plaintiff to show by a preponderance of the evidence that the legitimate reasons offered by the defendant were a pretext for discrimination. *Id.*

Surprisingly, the Plaintiff in this case fails to provide a legal analysis of Title VII claims under on the above legal framework. This lack of a meaningful response to the Defendants' argument for summary judgment on the Title VII claims is sufficient reason for granting summary judgment. *See* D.N.M. LR-Cv 7.5(b). I will, however, in the interest of justice proceed to analyze the Plaintiff's Title VII claims on the merits.

      a. Retaliation

Plaintiff alleges that he suffered an adverse employment action when he was terminated subsequent to filing the complaints of discrimination. The Plaintiff, however, fails to provide evidence of a causal connection between his making those complaints and his termination. The Plaintiff, therefore, fails to establish by a preponderance of the evidence a *prima facie* case of retaliation. Assuming that the Plaintiff could establish a *prima facie* case of retaliation, the Defendants have provided a legitimate reason for terminating the Plaintiff, namely, his issuance of a fraudulent license. The Plaintiff, however, has failed to show by a preponderance of the evidence that the Defendants' reason for terminating him is pretextual. "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for

9

denial of summary judgment." *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988). Accordingly, I conclude that summary judgment is appropriate with respect to the Plaintiff's retaliation claims.

        b. Gender Discrimination

The Plaintiff has not shown that he belongs to a protected class based on his male gender. *See Mills v. Health Care Service Corp.*, 171 F.3d 450, 454-57 (7th Cir. 1999)(first prong of discrimination *prima facie* case is modified in reverse discrimination situations)(citing *Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366 (10th Cir. 1997); *Notari v. Denver Water Dept.*, 971 F.2d 585 (10th Cir. 1992)). Moreover, the persuasive evidence of the Plaintiffs dishonest behavior in issuing a fraudulent license indicates that the Plaintiff would probably be unable to reliably perform his job as a clerk specialist. Finally, the Plaintiff has failed to show that after he was terminated his job remained available. For these reasons, I find that the Plaintiff has failed to establish by a preponderance of the evidence a *prima facie* case of discrimination based on gender. Even assuming that he could establish a *prima facie* case of gender discrimination, the Defendants have shown that they had a legitimate, nondiscriminatory reason for terminating the Plaintiff. The Plaintiff, however, has failed to show by a preponderance of the evidence that the Defendants' reason for terminating the Plaintiff was pretextual and based on gender discrimination. Consequently, summary judgment should be granted as to the gender discrimination claims.

    IT IS ORDERED that:

    1. Defendants' Motion for Summary Judgment (Doc. No. 29) is granted;

    2. Plaintiff's 42 U.S.C. §1983 claims against Defendants Jacqueline Torrez and Michael

Blea for wrongful termination will be dismissed with prejudice; and

3. Plaintiff's Title VII claims against Defendants State of New Mexico, Jacqueline Torrez, and Michael Blea will be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE