IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIE F. GALLEGOS,

    Plaintiff,

vs.                                                   Civ. No. 01-322 JP/LFG-ACE
                                                          Consolidated with
                                                          Civ. No. 01-1253 JP/WWD-ACE

STATE OF NEW MEXICO;
JACQUELINE TORREZ, individually;
and MICHAEL BLEA, individually.

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 24, 2001, the Plaintiff filed Plaintiff's Motion for Partial Summary Judgment (Doc. No.7). Having reviewed the briefs and the relevant law, I find that the Plaintiff's Motion for Partial Summary Judgment should be denied.

A. Background

The Plaintiff's Motion for Partial Summary Judgment is directed at Count V of his First Amended Complaint for Violation of Civil Rights Under Color of State Law (Doc. No. 4), filed November 19, 2001, in Civ. No. 01-1253 JP/WWD (ACE). That civil rights case was subsequently consolidated with Civ. No. 01-322 JP/LFG (ACE), an employment case. The employment case has since been dismissed with prejudice. All the remaining claims are, therefore, contained in the Plaintiff's First Amended Complaint for Violation of Civil Rights Under Color of State Law.

The Plaintiff alleges that on November 28, 2000, the State of New Mexico, acting through the Defendants, suspended his commercial driver's license without a predeprivation hearing. He

also alleges that on January 16, 2001, the State of New Mexico, acting through the Defendants, suspended his Class D driver's license without a predeprivation hearing. The licenses were suspended based on the Plaintiff's alleged misrepresentation of identity or facts to obtain a New Mexico driver's license. The Plaintiff alleges in Count V of his First Amended Complaint for Violation of Civil Rights Under Color of State Law that his federal Constitutional rights were *per se* violated when the State of New Mexico, acting through the Defendants, deprived him of his driving privileges without a predeprivation hearing. The Plaintiff now moves for partial summary judgment on Count V. He also requests an award of attorney's fees and costs incurred in bringing his motion for partial summary judgment.

B.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C. Discussion

The controlling cases on the issue of whether it is necessary to provide a predeprivation hearing prior to suspending or revoking a driver's license are *Mackey v. Montrym*, 443 U.S. 1 (1979) and *Dixon v. Love*, 431 U.S. 105 (1977).[1] The Due Process Clause clearly applies to the deprivation of a driver's license. *Dixon*, 431 U.S. at 112 (citing *Bell v. Burson*, 402 U.S. 535, 539 (1971)). To determine if a predeprivation hearing is necessary, a court looks at the following three factors: "'first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" *Id*. at 112-13 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

1. What is the private interest that will be affected by the suspension of a driver's license?

The private interest affected by a suspension of a driver's license is "the granted license to operate a motor vehicle." *Id*. at 113. "More particularly, the driver's interest is in continued possession and use of his license pending the outcome of the hearing due him." *Mackey*, 443 U.S. at 11. That interest is rather substantial because "a licensee is not made entirely whole if his

---

[1]The Plaintiff argues that *Bell v. Burson,* 402 U.S. 535 (1971) is the controlling United States Supreme Court case. *Bell*, however, is distinguishable from this case because it dealt with obtaining security from which to pay judgments against the licensee. *Dixon*, 431 U.S. at 114-15. *Bell* did not concern a state statute like the one at issue which is designed to protect the safety of the public by keeping unfit drivers off the roads. *See id.*; *Mackey*, 443 U.S. at 17. *See also* NMSA 1978, §66-5-30(A) (1978); *City of Albuquerque v. Juarez*, 93 N.M. 188, 190, 598 P.2d 650,652 (Ct. App. 1979), *overruled on other grounds by State v. Herrera*, 111 N.M. 560, 807 P.2d 744 (Ct. App. 1991)(noting similarity between the state statute attacked in *Dixon* and the New Mexico statutory scheme for revoking or suspending a driver's license).

3

suspension or revocation is later vacated." *Dixon*, 431 at 113. However, the nature of the interest is not so substantial if the state provides a special provision for hardship relief while the licensee is awaiting a postsuspension hearing. *Id*. *See also Mackey*, 443 U.S. at 12. In fact, the State of New Mexico provides for hardship relief upon the suspension or revocation of a license. *See* NMSA 1978, §66-5-35 (1978)(hardship relief is granted to the licensee "to engage in gainful employment, to attend school, or to attend a court-ordered treatment program."). Consequently, "the nature of the private interest here is not so great as to require [the court] 'to depart from the ordinary principle, established by [the United States Supreme Court] decisions, that something less than an evidentiary hearing is sufficient prior to adverse administrative action.'" *Dixon*, 431 U.S. at 113 (quoting *Mathews*, 424 U.S. at 343).

      2. Is there a risk of an erroneous deprivation in the absence of a predeprivation hearing?

The Due Process Clause does not require that governmental determinations be "perfect, [and] error-free." *Mackey*, 443 U.S. at 13. As already noted, the "ordinary principle" established by the United State Supreme Court supports that "'something less than an evidentiary hearing is sufficient prior to adverse administrative action.'" *Id*. (quoting *Dixon*, 421 U.S. at 113). Moreover, "when prompt postdeprivation review is available for correction of administrative error, [the United States Supreme Court] generally required no more than that the predeprivation procedures used be designed to provide a reasonable reliable basis for concluding that the facts justifying the official action are as a responsible governmental official warrants them to be." *Id*. When the predicate facts for suspending a driver's license "are objective facts either within the personal knowledge of an impartial government official or readily ascertainable by him," then the risk of an erroneous deprivation in the absence of a predeprivation hearing is insubstantial. *Id*.

4

The Plaintiff's licenses were suspended based upon an investigation by Defendant Michael Blea, an investigator for the Office of Inspector General, State of New Mexico Taxation and Revenue Department. Affidavit of Michael Blea, Exhibit A (attached to Answer Brief Opposing Plaintiff's Motion for Partial Summary Judgment (Doc. No. 23), filed Feb. 6, 2002). The Plaintiff fails to provide specific evidence that Defendant Blea was not an impartial government official or that Defendant Blea's investigation was not based on objective facts within his personal knowledge or readily ascertainable by him. It is also important to note that Defendant Blea's investigation included an informal opportunity for the Plaintiff to provide his version of the facts. *Id.* at ¶10. *See Mackey*, 443 U.S. at 14. I find that an investigator like Defendant Blea would have a reasonable and reliable basis for concluding that a person's driver's license should be suspended for misrepresentation of identity or facts. The risk of an erroneous investigation by an official investigator would, therefore, be insubstantial in the ordinary case. *See Mackey*, 443 U.S. at 14.

3. What is the Government's interest in not providing predeprivation hearings?

"[A]dministrative efficiency would be impeded by the availability of a pretermination hearing in every case." *Dixon*, 431 U.S. at 114. Moreover, the public's interest in having qualified drivers on the public roads would be impaired if the State of New Mexico is required to hold a predeprivation hearing before being allowed to suspend or revoke a license under NMSA 1978, §66-5-30(A). *See id.* at 114-15. The public's interests in administrative efficiency and safety are sufficiently substantial to justify the denial of predeprivation hearings under the Due Process Clause. *Id.* at 115. In sum, I conclude that the Plaintiff is not entitled to summary judgment on Count V of his First Amended Complaint for Violation of Civil Rights Under Color

of State Law[2] nor is he entitled to attorney's fees and costs.

IT IS ORDERED that:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No.7) is denied; and

2. Plaintiff's request for attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Interestingly, the New Mexico Court of Appeals has implied that a predeprivation hearing is unnecessary in New Mexico under *Dixon*. *Juarez*, 93 N.M. at 190, 598 P.2d at 652.